**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ SEP 16 2009 ★
BROOKLYN OFFICE

| | |
|---|---|
| SWATCH S.A. (SWATCH A.G.) (SWATCH LTD.) and OMEGA S.A., <br><br> Plaintiffs, <br><br> v. <br><br> GIFTPORTS, INC. D/B/A JOMASHOP DOING BUSINESS ON THE INTERNET AS JOMASHOP.COM and ZUCKER'S GIFTS, INC. D/B/A JOMASHOP DOING BUSINESS ON THE INTERNET AS JOMASHOP.COM and ABC CORP. 1-10, <br><br> Defendants. | |

CV 09 3981

Judge:

MAUSKOPF, J.
GOLD, M.J.

## COMPLAINT

The Plaintiffs, Swatch, S.A. (Swatch A.G) (Swatch Ltd.) ("Swatch") and Omega S.A. ("Omega"), (collectively "Plaintiffs") bring this action to obtain redress and compensation for past and ongoing loss and damage sustained as a result of copyright and trademark infringement and unfair competition by Defendants Giftports, Inc. d/b/a Jomashop doing business on the internet as Jomashop.com, Zucker's Gifts, Inc. d/b/a/ Jomashop doing business on the internet as Jomashop.com and ABC Corp. 1-10 (collectively, "Defendants"). As and for its Complaint against the Defendants, Plaintiffs hereby state and allege the following:

### PARTIES

1.    Swatch is a corporation duly organized and existing under the laws of Switzerland, located at 94 Rue Jakob Stampfli, CH-25009 Bienne, Switzerland. Swatch is a manufacturer and seller of watches, watch parts, jewelry and electronics. Swatch owns valid

trademarks and copyrights for the creative expressions of its unique and original designs embodied in tangible form in the watches sold under the SWATCH brand.

2.      Omega is a corporation duly organized and existing under the laws of Switzerland, located at 96 Rue Jakob Stampfli, CH-25009 Bienne, Switzerland. Omega is a manufacturer and seller of watches, watch parts, jewelry and electronics. Omega owns valid trademarks and copyrights for the creative expressions of its unique and original designs embodied in tangible form in the watches sold under the OMEGA brand.

3.      Omega and Swatch are subsidiaries of The Swatch Group Ltd. ("TSG") of Bienne, Switzerland. The Swatch Group Ltd. is the parent company of at least 18 major watch brands which it sells worldwide including OMEGA, LONGINES, TISSOT, BREGUET, and SWATCH (the "Swatch Group Brands").

4.      On information and belief, Defendant Giftports, Inc. is a domestic corporation operating in the state of New York at 40 West 25th Street, 8th Floor, New York, New York, 10010 and doing business as Jomashop doing business on the internet as Jomashop.com with a listed address at 140 58th Street, Unit 3A, Brooklyn, New York and 328 8th Avenue, # 158, New York, New York, 10001.

5.      On information and belief, Defendant Zucker's Gifts, Inc. is a domestic corporation operating in the state of New York at 40 West 25th Street, 8th Floor, New York, New York 10010 and doing business as Jomashop doing business on the internet as Jomashop.com with a listed address at 140 58th Street, Unit 3A, Brooklyn, New York and 328 8th Avenue, # 158, New York, New York, 10001.

2

6.     On information and belief, Defendants ABC Corp. 1-10 are as yet to be identified corporations working in concert with, or as agents of, or doing business with Zucker's Gifts, Inc., Giftports, Inc., and/or Jomashop doing business on the internet as Jomashop.com.

7.     Defendants conduct business on a website located at www.jomashop.com.

8.     On information and belief, Defendants are engaged in the business of buying and selling watches, as a retailer and distributor that solicits wholesale and retail sales of watches including SWATCH and OMEGA brand watches.

9.     Defendants are not authorized distributors or retailers for any goods bearing Swatch Group Brands, including SWATCH and OMEGA.

10.    Defendants are not authorized to import copies of Plaintiffs' copyrighted works.

## JURISDICTION AND VENUE

11.    On information and belief, Defendants have committed and are committing acts of Copyright Infringement, Trademark Infringement, and Unfair Competition under common law and the Lanham Act, as hereinafter alleged, in this District, through displaying, selling, importing, distributing, advertising, materially altering, tarnishing, and using Plaintiffs' trademarks and copyrights without authorization of Plaintiffs.

12.    This action is for Trademark Infringement pursuant to the Lanham Act §32(1), 15 U.S.C. §1114(1)(a), Copyright Infringement, arising under the Copyright Act of 1976, as amended (17 U.S.C. §101 et seq.), Unfair Competition arising under the Lanham Act §43(a), 15 U.S.C. §1125, and common law Trademark Infringement and unfair competition.

13.    This Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 as it involves claims presenting federal questions under 15 U.S.C. §1121(a) (actions arising under Lanham Act have original jurisdiction in federal courts), 15 U.S.C. §1114, §1125 and 17 U.S.C.

3

§§101 et seq. (actions arising under the Copyright Act).  This Court also has supplemental jurisdiction over the asserted claims of common law trademark infringement and unfair competition pursuant to 28 U.S.C. §1367(a), because such claims are so related to those claims under which the Court has original jurisdiction that it forms part of the same case and controversy under Article III of the United States Constitution.

14.    Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events or acts giving rise to the claim occurred in this District, a substantial part of the property that is the subject of the action is situated in this District, and upon information and belief Defendants reside and/or conduct business in this District.  The acts complained of have also been and continue to be committed in this District.

## FACTS

## SWATCH'S TRADEMARKS

15.    Swatch manufactures watches in Switzerland, among other things, which it sells in the U.S. and worldwide under the trademark SWATCH.

16.    Swatch is the owner of the entire right, title, and interest in Federal trademark registrations for goods and services including, among others, the following famous, valid, subsisting, incontestable and un-cancelled trademark registrations:

| | |
|---|---|
| SWATCH | U.S. Trademark Reg. No. 1356512, August 27, 1985 for watches and parts thereof |
| SWATCH | U.S. Trademark Reg. No. 1671076, January 7, 1992 for watches, clocks and parts thereof |

And others collectively referred to as "SWATCH Marks."  Copies of the Patent and Trademark Office public recordings of these marks are attached as Exhibit A.  These registrations are

4

incontestable, as Plaintiffs have filed the required affidavit of incontestability pursuant to §15 of the Trademark Act, with the Commissioner of Patents and Trademarks.

17.     Federal registration of a trademark is *prima facie* evidence of a Registrant's exclusive right to use the registered trademark in commerce in connection with the goods or services specified in the certificate, pursuant to 15 U.S.C. § 1057(b).

18.     The first SWATCH brand watch went on sale in the United States in 1982. Since its 1982 debut the SWATCH brand watch has become the most successful wristwatch of all time and Plaintiffs' parent company, The Swatch Group Ltd., is now the largest watch company in the world.

19.     Swatch offers a 2-year warranty on its watches.

20.     Swatch has become widely known as the source of exclusive, fashionable, high quality precision watches.

21.     Watches bearing the SWATCH Marks have been advertised and promoted and otherwise used in commerce throughout the United States, including this District, since at least as early as 1982.

22.     The SWATCH Marks have acquired distinctiveness and secondary meaning signifying Swatch and its products. The public and trade have come to rely on Swatch's trademarks to distinguish its products and services from those of others.

23.     SWATCH brand watches have developed an exceptional reputation for accuracy and technological advancement. Swatch was appointed to be the Official Timekeeper of the 2004 Olympic Games in Athens, Greece, the 1996 Atlanta Centennial Olympic Games and the Sydney 2000 Olympic Games. Swatch also sponsors and keeps time for professional athletes such as the SWATCH ProTeam Volleyball Players.

24.     On or about April 2 and May 5, 2009, Swatch, through the investigative services of Brad Cole, purchased a number of SWATCH brand watches from Defendants through the website located at www.jomashop.com.  Nine watches were purchased:

| Title | Swatch Model Number |
|---|---|
| Swatch Originals Lady and the Mirror | GN170 |
| Swatch Scuba Beach Virgin | SDG104 |
| Swatch Waldgeist | SDB114 |
| Swatch Originals Wild Laugh | GJ117 |
| Swatch Reef Scuba | SDL900 |
| Swatch Bagnino | SBK103 |
| Swatch La Belle Au Bois Dormant | LP114 |
| Swatch Originals Fleur de Lyss | LV102 |
| Swatch Poulpe Scuba | SDJ102 |

Images of the watches purchased from Defendants are attached as Exhibit B (collectively referred to as "The Swatch Watches").

25.     Swatch's watches bearing the SWATCH Marks which are sold by Defendants were manufactured in Switzerland, contain copies of copyrighted works created in Switzerland, and were sold to distributors in Japan, with restrictions on resale with certain geographic regions excluding the United States.  These copies were never intended to be imported or sold in the United States.

## SWATCH'S COPYRIGHTS

26.     Swatch is well-known as the source of distinctive and unique watches.  Swatch has created and authored these unique designs in Switzerland at the cost of substantial sums

6

throughout the years. Such creativity is the hallmark of Swatch's business and the cornerstone of its success.

27.     Creation and marketing of distinctive, consumer-identifiable designs and copyrights has been a key to Swatch's success.

28.     Swatch's creative works are featured in their watches, as part of the artwork of the dial, the design of the band, or unique watch bracelets.   Swatch endeavors to protect these original works in various ways.

29.     On or about March 26, 1998, Swatch obtained from the United States Copyright Office, U.S. Registration No. VA 912-081 for its "Lady and the Mirror" design.  See Exhibit C.

30.     On or about May 5, 2009, Swatch, through the investigative services of Brad Cole, purchased a SWATCH Watch containing the "Lady and the Mirror" design, from Defendants' website www.jomashop.com.   Swatch, through company records, discovered that the watch had been sold overseas by Swatch to a foreign distributor in Japan.

31.     On or about June 30, 1995, Swatch obtained from the U.S Copyright Office, U.S. Registration No. VA 729-866 for its "Beach Virgin" design.  See Exhibit D.

32.     On or about May 5, 2009, Swatch, through the investigative services of Brad Cole, purchased a SWATCH Watch containing the "Beach Virgin" design, from Defendants' website www.jomashop.com.  Swatch, through company records, discovered that the watch had been sold overseas by Swatch to a foreign distributor in Japan.

33.     On or about November 29, 1999, Swatch obtained from the U.S. Copyright Office, U.S. Copyright Registration No. VA 1-029-703 for its "Waldgeist" design.  See Exhibit E.

7

34.     On or about May 5, 2009, Swatch, through the investigative services of Brad Cole, purchased a SWATCH Watch containing the "Waldgeist" design, from Defendants' website www.jomashop.com. Swatch, through company records, discovered that the watch had been sold overseas by Swatch to a foreign distributor in Japan.

35.     On or about August 16, 1996, Swatch obtained from the U.S. Copyright Office, U.S. Copyright Registration No. VA 826-531 for its "Wild Laugh" design. See Exhibit F.

36.     On or about May 5, 2009, Swatch, through the investigative services of Brad Cole, purchased a SWATCH Watch containing the "Wild Laugh" design, from Defendants' website www.jomashop.com. Swatch, through company records, discovered that the watch had been sold overseas by Swatch to a foreign distributor in Japan.

37.     On or about July 29, 1997, Swatch obtained from the U.S. Copyright Office, U.S. Copyright Registration No. VA 868-058 for its "Reef" design. See Exhibit G.

38.     On or about May 5, 2009, Swatch, through the investigative services of Brad Cole, purchased a SWATCH Watch containing the "Reef" design, from Defendants' website www.jomashop.com. Swatch, through company records, discovered that the watch had been sold overseas by Swatch to a foreign distributor in Japan.

39.     On or about March 16, 1995, Swatch obtained from the U.S. Copyright Office, U.S. Copyright Registration No. VA 697-135 for its "Bagnino" design. See Exhibit H.

40.     On or about May 5, 2009, Swatch, through the investigative services of Brad Cole, purchased a SWATCH Watch containing the "Bagnino" design, from Defendants' website www.jomashop.com. Swatch, through company records, discovered that the watch had been sold overseas by Swatch to a foreign distributor in Japan.

41.     On or about December 2, 1993, Swatch obtained from the U.S. Copyright Office, U.S. Copyright Registration No. VA 609-773 for its "Fleur De Lyss" design. See Exhibit I.

42.     On or about May 5, 2009, Swatch, through the investigative services of Brad Cole, purchased a SWATCH Watch containing the "Fleur De Lyss" design, from Defendants' website www.jomashop.com. Swatch, through company records, discovered that the watch had been sold overseas by Swatch to a foreign distributor in Japan.

43.     On or about January 4, 1995, Swatch obtained from the U.S. Copyright Office, U.S. Copyright Registration No. VA 683-450 for its "La Belle Au Bois Dormant" design. See Exhibit J.

44.     On or about May 5, 2009, Swatch, through the investigative services of Brad Cole, purchased a SWATCH Watch containing the "La Belle Au Bois Dormant" design, from Defendants' website www.jomashop.com. Swatch, through company records, discovered that the watch had been sold overseas by Swatch to a foreign distributor in Japan.

45.     On or about August 15, 1996, Swatch obtained from the U.S. Copyright Office, U.S. Copyright Registration No. VA 797-332 for its "Poulpe" design. See Exhibit K.

46.     On or about May 5, 2009, Swatch, through the investigative services of Brad Cole, purchased a SWATCH Watch containing the "Poulpe" design, from Defendants' website www.jomashop.com. Swatch, through company records, discovered that the watch had been sold overseas by Swatch to a foreign distributor in Japan.

47.     Defendants are not an authorized dealer of SWATCH Watches.

48.     Upon information and belief, Defendants did not acquire the SWATCH Watches from an authorized distributor or a dealer who is authorized to import or sell the SWATCH

Watches in the United States, import the watches into the United States or resell the watches in the United States.

## OMEGA'S TRADEMARKS

49.     Omega manufactures watches in Switzerland, among other things, which it sells in the U.S. and worldwide under the trademark OMEGA.

50.     Omega is the owner of the entire right, title and interest in Federal trademark registrations for goods and services, including, among others, the following famous, valid, subsisting, and un-cancelled Federal trademark registrations:

| | |
|---|---|
| OMEGA (& design) | U.S. Trademark Reg. No. 25,036, July 24, 1894 "Ω" for watch movements and watch cases |
| OMEGA | U.S. Trademark Reg. No. 566,370, November 4, 1952 "OMEGA" for watches and parts thereof |
| OMEGA (& design) | U.S. Trademark Reg. No. 577,415, July 14, 1953 "Ω OMEGA" for wrist watch bracelets, bands and straps |
| OMEGA (& design) | U.S. Trademark Reg. No. 578,041, July 28, 1953 "Ω OMEGA" for watches either stem-wind or automatic; clocks; chronometers; chronographs, and parts for all of the foregoing |
| SEAMASTER | U.S. Trademark Reg. No. 556,602, March 25, 1952 (individually "OMEGA SEAMASTER") "Seamaster" for watch, watch parts, and watch movements |
| PLANET OCEAN | U.S. Trademark Reg. No. 3,085,659, April 25, 2006 (individually "PLANET OCEAN") "Planet Ocean" for watches and watch parts |

and others collectively referred to as "OMEGA Marks".  Copies of the Patent and Trademark Office's registrations of these marks are attached as Exhibit L.

51.    Federal registration of a trademark is *prima facie* evidence of a Registrant's exclusive right to use the registered trademark in commerce in connection with the goods or services specified in the certificate, pursuant to 15 U.S.C. § 1057(b).

52.    Goods bearing the OMEGA Marks have been advertised and promoted and otherwise used in commerce throughout the United States, including this District, since at least as early as 1894.

53.    Omega has become widely known as the source of exclusive, fashionable, high quality precision watches.

54.    Omega has invested millions of dollars in advertising and promoting goods bearing the OMEGA Marks, including watches, in the United States.

55.    Advertising has been in printed publications, including newspapers and upscale periodicals.  Goods bearing the OMEGA Marks have also been widely promoted in the United States and internationally through sponsorships of athletic events.  Omega has advertised their products, at least in part, through the use of celebrity "ambassadors" including models, actors such as former "James Bond" star Pierce Brosnan, tennis player Anna Kournikova, George Clooney and Nicole Kidman, among several other world famous personalities.  Omega has in the past also functioned as official timekeeper at world class sporting events, including the Olympic games, promoting the OMEGA Marks.  It also has a long standing association with NASA which included having an OMEGA timepiece being the first watch on the moon.

56.    On or about April 31, 2009, Omega, through the investigative services of Brad Cole, purchased a number of OMEGA brand watches from Defendants from their website located at www.jomashop.com. Specially, the investigative purchase consisted of six watches including the following watch models:

11

| Title | Omega Model Number |
|---|---|
| PLANET OCEAN | 2918.50.82 (hereinafter "Planet Ocean Leather Band Watch") |
| PLANET OCEAN | 2218.50 (hereinafter "Planet Ocean Metal Band Watch") |
| SEAMASTER 007 EDITION | 212.30.28.61.01.001 (hereinafter "Ladies 300M 007 Seamaster Watch") |
| SEAMASTER 007 EDITION | 2922.80.91 (hereinafter "Men's 007 Leather Band Seamaster Watch") |
| SEAMASTER 007 EDITION | 212.30.36.61.01.001 (hereinafter "Men's 007 Metal Band Seamaster Watch") |
| SEAMASTER 007 EDITION | 212.34.36.61.01.001 (hereinafter "300M 007 Midsize Seamaster Watch") |

Images of the watches purchased from Defendants are attached as Exhibit M.

57.     Omega's watches bearing the OMEGA Marks which are sold by the Defendants were manufactured in Switzerland, contain copies of copyrighted works created in Switzerland, and were sold to distributors outside the United States with restrictions on resale within certain geographic regions excluding the United States.  These watches were never intended to be imported or sold in the United States.

58.     Omega offers a 2-year warranty on its watches, and a 3-year warranty on the famous co-axial escapement used in some models.

59.     The OMEGA SEAMASTER trademark and design have been backed by major advertising and promotional efforts.  Omega utilizes celebrity "ambassadors" to wear and promote the OMEGA SEAMASTER design.  These ambassadors have been featured in various media outlets and include world-renowned models Cindy Crawford and Elle McPherson, the 1997 U.S. Open golf champion Ernie Els, top ranked female tennis player Martina Hingis, and

many others. This high-profile support has further enhanced the appeal, value and significance of the OMEGA SEAMASTER trademark and trade dress.

60.     Omega has furthered its brand awareness and image through the intense promotion and marketing of the OMEGA PLANET OCEAN trademark and design. This has included close ties with the "James Bond" franchise. These efforts have given the brand name even further appeal to a worldwide audience.

61.     Creation and marketing of distinctive, consumer-identifiable trademarks and designs has been a key to Omega's success.

62.     The OMEGA Marks have acquired distinctiveness and secondary meaning signifying Omega and its products. The public and industry have come to rely on Omega's trademarks to distinguish its products and services from those of others. The OMEGA Marks represent a most valuable asset owned by Omega.

## OMEGA'S COPYRIGHT

63.     Omega is well-known as the source of distinctive and unique watches. Omega has created and authored these unique designs in Switzerland at the cost of substantial sums throughout the years. Such creativity is the hallmark of Omega's business and the cornerstone of its success.

64.     Omega's watches bear a unique design, referred to as the "Omega Globe Design."

65.     The Omega Globe Design is a copyrighted work owned by Plaintiff Omega.

66.     On or about March 12, 2003, Omega obtained from the United States Copyright Office, U.S. Registration No. VAu 574-660 for its Omega Globe Design. See Exhibit N.

67.     Omega has the ability to trace the origin of its watches through serial numbers.

68.    On or about May 20, 2009, Omega, through the investigative services of Brad Cole, purchased an OMEGA Planet Ocean Leather Band Watch containing the Omega Globe Design, and bearing Serial No. 78466514 from Defendants' website www.jomashop.com. Omega traced the serial number to determine the source of the goods and discovered the watch had been sold overseas by Omega to a foreign distributor in Slovenia.

69.    On or about May 20, 2009, Omega, through the investigative services of Brad Cole, purchased an OMEGA Planet Ocean Chronograph Metal Band Watch containing the Omega Globe Design, and bearing Serial No. 78336696 from Defendants' website www.jomashop.com. Omega traced the serial number to determine the source of the goods and discovered the watch had been sold overseas by Omega to a foreign distributor in Slovenia.

70.    On or about July 1, 2009, Omega, through the investigative services of Brad Cole, purchased a Ladies 300M 007 OMEGA Seamaster Watch containing the Omega Globe Design, and bearing Serial No. 90738882 from Defendants' website www.jomashop.com. Omega traced the serial number to determine the source of the goods and discovered the watch had been sold overseas by Omega to a foreign distributor in Peru.

71.    On or about June 28, 2009, Omega, through the investigative services of Brad Cole, purchased a Men's 007 Leather Band OMEGA Seamaster Watch containing the Omega Globe Design, and bearing Serial No. 81732044 from Defendants' website www.jomashop.com. Omega traced the serial number to determine the source of the goods and discovered the watch had been sold overseas by Omega to a foreign distributor in China.

72.    On or about July 28, 2009, Omega, through the investigative services of Brad Cole, purchased a Men's 007 Metal Band OMEGA Seamaster Watch containing the Omega Globe Design, and bearing Serial No. 90669249 from Defendants' website www.jomashop.com.

Omega traced the serial number to determine the source of the goods and discovered the watch had been sold overseas by Omega to a foreign distributor in Peru.

73.    Defendants are not authorized dealers of the OMEGA Watches. Defendants are not authorized to import copies of copyrighted works into the United States or resell these copies in the United States.

74.    Upon information and belief, Defendants did not acquire the OMEGA Watches from an authorized distributor or a dealer who is authorized to import the OMEGA Watches to the United States.

75.    Defendants are not authorized by Omega to import or sell OMEGA products in the U.S. and have not acquired the goods from the copyright owner Omega.

<u>CLAIM I</u>

<u>PLAINTIFF SWATCH'S CLAIM FOR COPYRIGHT INFRINGEMENT AGAINST ALL</u>
<u>DEFENDANTS</u>

76.    Swatch restates and re-avers each and every allegation contained in paragraphs 1-75, inclusive of this Complaint and the acts of Defendants asserted therein as if fully recited in this paragraph.

77.    This claim is for copyright infringement, under 17 U.S.C. §§ 106 (distribution) and 602 (importation) of Swatch's copyrights.

78.    Swatch owns the "Lady and the Mirror", "Beach Virgin", "Waldgeist", "Wild Laugh", "Reef", "Bagnino", "La Belle Au Bois Dormant", "Fleur De Lyss", and "Poulpe" Copyrights (hereinafter referred to as "The Swatch Copyrights") as embodied in the watches sold by Defendants.

15

79. The copyrighted materials contain material wholly original to Swatch, and for which Swatch is the author, and which is copyrightable subject matter under the laws of the United States, and for which Swatch has obtained and currently owns valid U.S. copyright registrations for each of The Swatch Copyrights.

80. With full knowledge of the rights of Swatch therein, Defendants have infringed The Swatch Copyrights by displaying, importing, publishing, selling, offering for sale and distributing the copyrighted works.

81. Without the authorization of Swatch, Defendants have imported copies of material protected by The Swatch Copyrights into the United States. Alternatively, if Defendants did not directly import the unauthorized copies of The Swatch Copyrights into the United States, then Defendants are part of the chain of distribution of the unlawfully imported and distributed copies of The Swatch Copyrights thus depriving Swatch of its statutory right to first sale in the United States.

82. Upon information and belief, Defendants are fully aware that they imported these copies into the United States without authorization from the copyright owner and that Defendants' offering for sale, advertising and sale of these copies in the United States is without authority by Swatch. The acts alleged above against Defendants constitute copyright infringement in violation of 17 U.S.C. §§106 and 602.

83. Upon information and belief, Defendants sell, offer for sale and/or distribute watches containing The Swatch Copyrights.

84. Upon information and belief, Defendants have continued to infringe The Swatch Copyrights and has no intention to cease and desist such infringing activities and have acted willfully.

85.     All of Defendants' acts were performed without the consent, permission, license or authorization of Swatch.

86.     Defendants acts of copyright infringement, as alleged above, have caused Swatch to suffer damages and Swatch will continue to suffer substantial damages as a result of Defendants' misappropriation of Swatch's exclusive rights to use, import, distribute, reproduce and otherwise exploit its copyrighted works.

87.     Defendants' acts of copyright infringement, as alleged above, are causing Swatch and the public irreparable injury, and will continue to do so unless restrained and enjoined.

88.     Defendants' willful acts of copyright infringement justify the award of the maximum measure of statutory damages against them — namely $150,000 — for each of Swatch Copyrights infringed, together with costs and attorney's fees. Alternatively, Swatch is entitled to the actual damages incurred as a result of Defendants' infringement and any additional profit of Defendants attributable to the acts of infringement, together with the costs and attorney's fees.

89.     In the alternative, Defendants' act of inducing third parties to import unauthorized copies of The Swatch Copyrights for the purpose of resale in the United States constitutes contributory infringement.

90.     In the alternative, Defendants are vicariously liable for copyright infringement because they have an "obvious and direct financial interest" in the exploitation of The Swatch Copyrights through their act of selling unauthorized copies of The Swatch Copyrights in the United States and, Defendants possess the right and ability to supervise the infringing conduct.

## CLAIM II

## PLAINTIFF OMEGA'S CLAIM FOR COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS

91.     Omega restates and re-avers each and every allegation contained in paragraphs 1-90, inclusive of this Complaint and the acts of Defendants as asserted therein as if fully recited in this paragraph.

92.     This claim is for copyright infringement under 17 U.S.C. §§ 106 (distribution) and 602 (importation), of Omega's copyright.

93.     Omega is the owner of U.S. Copyright Registration No. VAu 574-660 for its Omega Globe Design ("Omega Globe Design") shown below.  See Exhibit N.



94.     Omega owns the Omega Globe Design Copyright as embodied in the products sold by Defendants.

95.     The copyrighted materials contain material wholly original to Omega and for which Omega is the author and which is copyrightable subject matter under the laws of the United States, and for which Omega has obtained and currently owns a valid U.S. copyright registration for its Omega Globe Design copyright.

96.     With full knowledge of the rights of Omega therein, Defendants have infringed Omega's copyright by displaying, importing, publishing, selling, offering for sale and distributing the copyrights.

97.     Without the authorization of Omega, Defendants have imported copies of material protected by the Omega Globe Design copyright into the United States.   Alternatively, if Defendants did not directly import the unauthorized copies of the Omega Globe Design copyright into the United States, then Defendants are part of the chain of distribution of the unlawfully imported and distributed copies of the Omega Globe Design copyright thus depriving Omega of its statutory right to first sale in the United States.

98.     Upon information and belief, Defendants are fully aware that they imported these copies into the United States without authorization from the copyright owner and that Defendants' offering for sale, advertising and sale of these copies in the United States is without authority by Omega.   The acts alleged above against Defendants constitute copyright infringement in violation of 17 U.S.C. §§ 106 and 602.

99.     Upon information and belief, Defendants sell, offer for sale and/or distribute watches containing the Omega Globe Design copyright.

100.    Upon information and belief, Defendants have continued to infringe the Omega Globe Design copyright and have no intention to cease and desist such infringing activities and have acted willfully.

101.    All of Defendants' acts were performed without consent, permission, license or authorization of Omega.

102.    Defendants' acts of copyright infringement, as alleged above, have caused Omega to suffer damages and Omega will continue to suffer substantial damages as a result of Defendants' misappropriation of Omega's exclusive rights to use, import, distribute, reproduce and otherwise exploit its copyrighted works.

103.   Defendants' acts of copyright infringement, as alleged above, are causing Omega and the public irreparable injury, and will continue to do so unless restrained and enjoined.

104.   Defendants' willful acts of copyright infringement justify the award of maximum measure of statutory damages against them — namely $150,000 — for infringement of the Omega Globe Design, together with costs and attorneys' fees. Alternatively, Omega is entitled to the actual damages incurred as a result of Defendants' infringement and any additional profits of Defendants attributable to the acts of infringement, together with costs and attorney's fees.

105.   In the alternative, Defendants' acts of inducing third parties to import unauthorized copies of the Omega Globe Design copyright for the purpose of resale in the United States constitute contributory infringement.

106.   In the alternative, Defendants are vicariously liable for copyright infringement because they have an "obvious and direct financial interest" in the exploitation of the Omega Globe Design through their act of selling unauthorized copies of the Omega Globe Design copyright in the United States and, Defendants possess the right and ability to supervise the infringing conduct.

## CLAIM III

## SWATCH'S CLAIM FOR TRADEMARK INFRINGEMENT OF THE SWATCH MARKS UNDER THE LANHAM ACT AGAINST ALL DEFENDANTS

107.   Plaintiff Swatch repeats and re-avers each and every allegation contained in paragraphs 1-106 inclusive, as if fully recited herein.

108.   This claim is for infringement of Swatch's famous and incontestable trademarks, which are registered in the United States Patent and Trademark Office. This claim arises under Section 34 of the Trademark Act of 1946, as amended (15 U.S.C. §1114).

109.    Without the consent or authorization of Swatch, Defendants openly sell watches bearing SWATCH Marks.

110.    Defendants are fully aware that they are not authorized to sell or distribute SWATCH brand products in the United States.

111.    Defendants are not authorized by Swatch to sell any watches bearing the SWATCH Marks in the United States and have not acquired the goods from Swatch.

112.    The purchase of the infringing watches from Defendants took place on the Defendants' website located at www.jomashop.com.

113.    The watches purchased from Defendants contain a number of SWATCH Marks.

114.    Each and every one of the SWATCH brand watches purchased from Defendants were materially different from genuine and authorized SWATCH brand goods

115.    Swatch offers a 2-year warranty on its watches, which is only valid when endorsed by an authorized dealer.

116.    Since Defendants are not authorized dealers, the Swatch Warranty on the SWATCH brand goods they sell is not valid and, Defendants offer a 1-year warranty.

117.    Defendants are fully aware that the SWATCH brand goods they sell are materially different from genuine and authorized SWATCH brand goods.

118.    Defendants fail to adequately disclose to their customers that the goods bearing the SWATCH Marks have been materially altered.

119.    Defendants sell the SWATCH brand watches along with the SWATCH warranty card and the SWATCH guarantee certificate.  These are not effective unless endorsed by an authorized dealer.  Each of the SWATCH brand watches had such documents without endorsement.  This confuses the buyer into believing they are receiving the SWATCH warranty

when in fact, they are receiving Defendants' lesser, materially different and more limited warranty that expires after 1 year. This warranty is materially different than the SWATCH 2 year warranty.

120.   On their website, Defendants state in small lettering at the middle of the "about us" page that they are not an authorized distributor and the manufacturer's warranty that the buyer may or may not receive with the watch is void.

121.   Defendants fail to sufficiently disclose to consumers that they are not receiving the original manufacturer's warranty and Defendants have also failed to include their own warranty information with the watches they sell.  Furthermore, Defendants' inclusion of the un-endorsed Swatch warranty and guarantee certificate with the watches they sell causes confusion, mistake and deception and constitutes a false designation of origin and association with Swatch; this causes consumers to mistakenly believe that they are receiving Swatch's 2-year warranty when instead, they are receiving Defendants' lesser, materially different and more limited warranty which expires after 1-year.

122.   Defendants' failure to disclose the altered condition of the goods causes post-sale consumer confusion.

123.   The unauthorized sale of SWATCH products confuses consumers as to the source, nature, or approval for sale of Swatch's products, and misleads the consumers into believing the trademark owner had authorized the sale of the watches by Defendants.

124.   Defendants' failure to disclose the materially different warranty, inclusion of an invalid Swatch warranty with the goods, failure to include their own materially different warranty with the goods, and failure to adequately disclose that the Swatch warranty is void,

constitutes a material alteration of Swatch's goods. Therefore, these goods bearing the SWATCH Marks which are sold in this manner by Defendants are not genuine.

125. Defendants' act of selling materially different goods causes harm to Swatch and its goodwill and reputation built in the SWATCH Marks.

126. Defendants infringe the SWATCH Marks and have no intention to cease and desist such infringing activities.

127. All of Defendants' acts were performed without the consent, permission, license, or authorization of Swatch. The acts alleged against Defendants herein constitute trademark infringement.

128. Defendants' inclusion of Swatch's warranty information misleads consumers into believing that the Swatch Watches, sold by Defendants, are covered by Swatch's warranty. When these consumers try to rely on Swatch's warranty, which is not valid as the Swatch Watches are not sold by an authorized retailer, Swatch can either recognize that warranty and perform these repairs at Swatch's own expense, or turn these customers away and risk further damaging the goodwill and reputation of the SWATCH Marks.

129. Defendants' acts of trademark infringement, as alleged above, have caused Swatch to suffer damages and Swatch will continue to suffer substantial damages as a result.

130. Defendants' acts of trademark infringement, as alleged above, are causing Swatch and the public irreparable injury, and will continue to do so unless restrained and enjoined.

131. Defendants' ongoing and unlawful use of SWATCH Marks damages Swatch and will, without an injunction prohibiting such acts in the future, further irreparably harm Swatch and irreparably damage the value of the SWATCH Marks and the associated goodwill.

132.   On information and belief, Defendants have no present intention of terminating the activities complained of but, on the contrary, are continually seeking to expand such activities.

133.   Defendants' willful acts of trademark infringement justify the award of actual and/or treble damages for each act of infringement of Swatch's SWATCH Marks in a total amount which may only be ascertained by discovery of Defendants' business and financial records, together with costs and attorney's fees.  Alternatively, Swatch is entitled to the actual damages incurred as a result of Defendants' infringement plus any additional profits of Defendants attributable to the acts of infringement, together with costs and attorney's fees.

## CLAIM IV

## OMEGA'S CLAIM FOR TRADEMARK INFRINGEMENT OF THE OMEGA TRADEMARKS UNDER THE LANHAM ACT AGAINST ALL DEFENDANTS

134.   Omega repeats and re-avers each and every allegation contained in paragraphs 1-133 inclusive, as if fully recited herein.

135.   This claim is for infringement of Omega's famous and incontestable trademarks, which are registered in the United States Patent and Trademark Office.  The claim arises under Section 34 of the Trademark Act of 1946, as amended (15 U.S.C. §1114).

136.   Without the consent or authorization of Omega, Defendants openly sell watches bearing OMEGA Marks.

137.   Defendants are fully aware that they are not authorized to sell or distribute OMEGA brand products in the United States.

138.   Defendants are not authorized by Omega to sell any watches bearing the OMEGA Marks in the United States and have not acquired the goods from Omega.

24

139.   Omega did not intend the OMEGA watches being sold by the Defendants for sale in the United States.

140.   The purchase of the watches from the Defendants took place on the Defendant's website at www.jomashop.com.

141.   The watches purchased from Defendants contain a number of OMEGA Marks.

142.   Each and every one of the OMEGA brand watches purchased from Defendants were materially different form genuine and authorized OMEGA brand goods.

143.   Defendants are fully aware that the OMEGA brand goods it sells are materially different from genuine and authorized OMEGA brand goods.

144.   Defendants fail to adequately disclose to their customers that the goods bearing the OMEGA Marks have been materially altered.

145.   In the box containing the OMEGA Planet Ocean Leather Band Watch bearing Serial No. 78466514, all cards have been removed from the Omega branded leather card holder including the OMEGA warranty card which has been replaced with a Jomashop.com warranty. The Jomashop warranty is placed in the packaging of the watch connoting sponsorship or affiliation or endorsement by Omega of the Jomashop warranty. Defendants have also removed the hangtag containing the Omega serial number and have attached an adhesive paper band to the watch, a temporary product which is shoddy and not part of Omega's packaging. The box containing the watch also has the original hangtag which says "CO-AXIAL ESCAPEMENT 3-YEAR WARRANTY" with Omega's trademarked Greek symbol in the middle. This confuses the buyer into believing they are receiving Omega's three year warranty on the famous co-axial escapement when in fact they are not. Omega's warranties are only valid when endorsed by an

authorized dealer; Defendants are not authorized dealers, and the warranties in the watches are not endorsed.  Omega, in its user manual, guarantees that if it is unable to repair or restore the normal conditions of use of a consumer's OMEGA watch, Omega will replace the watch with another watch of identical or similar characteristics.  Defendants' warranty is materially different.  Defendants' warranty information contains no such guarantee.  Defendants have removed the card containing pictograms that describe the features of this watch.  Without this card, consumers are unable to determine which features come with the watch they have purchased.

146.    In the box containing the OMEGA Planet Ocean Chronograph Metal Band Watch bearing Serial No. 78336696, the OMEGA warranty card has been removed and there is no Jomashop.com warranty information in the box.  Omega, in its user manual, guarantees that if it is unable to repair or restore the normal conditions of use of a consumer's OMEGA watch, Omega will replace the watch with another watch of identical or similar characteristics.  But this is not endorsed by an authorized dealer.  Defendants are not authorized dealers; this warranty is not effective and is void.  In any event, Defendants' warranty contains no such guarantee.  Further, the hang tag containing the Omega serial number has been removed from the watch and Defendants have attached an adhesive paper band to the watch, a temporary product which is shoddy and not part of Omega's packaging.  Defendants have removed the card containing pictograms that describe the features of this watch.  Without this card, consumers are unable to determine which features come with the watch they have purchased.

147.    In the box containing the Ladies 300M 007 OMEGA Seamaster Watch bearing Serial No. 90738882, all cards have been removed from the OMEGA branded leather card holder including the warranty which has been replaced with a Jomashop.com warranty. The Jomashop

warranty is placed in the packaging of the watch connoting sponsorship or affiliation or endorsement by Omega of the Jomashop warranty. The watch has a hangtag containing Omega's serial number attached to it and Defendants have also attached an adhesive paper band to the watch, a temporary product which is shoddy and not part of Omega's packaging. Omega's warranties are only valid when endorsed by an authorized dealer; Defendants are not authorized dealers, and the warranties in the watches are not endorsed. Omega, in its user manual, guarantees that if it is unable to repair or restore the normal conditions of use of a consumer's OMEGA watch, Omega will replace the watch with another watch of identical or similar characteristics. Defendants' warranty contains no such guarantee. Defendants' warranty is materially different. Defendants have removed the card containing pictograms that describe the features of this watch. Without this card, consumers are unable to determine which features come with the watch they have purchased.

148. In the box containing the Men's 007 Leather Band OMEGA Seamaster Watch bearing Serial No. 81732044, all cards have been removed from the Omega branded leather card holder including the OMEGA warranty which has been replaced with a Jomashop.com warranty. The Jomashop warranty is placed in the packaging of the watch connoting sponsorship or affiliation or endorsement by Omega of the Jomashop warranty. Defendants have also attached an adhesive paper band to the watch, a temporary product which is shoddy and not part of Omega's packaging. The box containing the watch also has the original hangtag which says "CO-AXIAL ESCAPEMENT 3-YEAR WARRANTY" with Omega's trademarked Greek symbol in the middle. This confuses the buyer into believing they are receiving Omega's three year on the famous co-axial escapement when in fact they are not. Omega's warranties are only valid when endorsed by an authorized dealer; Defendants are not authorized dealers, and the

warranties in the watches are not endorsed. Omega, in its user manual, guarantees that if it is unable to repair or restore the normal conditions of use of a consumer's OMEGA watch, Omega will replace the watch with another watch of identical or similar characteristics. Defendants' warranty is materially different. Defendants' warranty information contains no such guarantee. Defendants have removed the card containing pictograms that describe the features of this watch. Without this card, consumers are unable to determine which features come with the watch they have purchased.

149.   In the box containing the Men's 007 Metal Band OMEGA Seamaster Watch bearing Serial No. 90669249, all cards have been removed from the Omega branded leather card holder including the OMEGA warranty which has been replaced with a Jomashop.com warranty. The Jomashop warranty is placed in the packaging of the watch connoting sponsorship or affiliation or endorsement by Omega of the Jomashop warranty. Defendants have also attached an adhesive paper band to the watch, a temporary product which is shoddy and not part of Omega's packaging. The box containing the watch also has the original hangtag which says "CO-AXIAL ESCAPEMENT 3-YEAR WARRANTY" with Omega's trademarked Greek symbol in the middle. This confuses the buyer into believing they are receiving Omega's three year on the famous co-axial escapement when in fact they are not. Omega's warranties are only valid when endorsed by an authorized dealer; Defendants are not authorized dealers, and the warranties in the watches are not endorsed. Omega, in its user manual, guarantees that if it is unable to repair or restore the normal conditions of use of a consumer's OMEGA watch, Omega will replace the watch with another watch of identical or similar characteristics. Defendants' warranty is materially different. Defendants' warranty information contains no such guarantee. Defendants have removed the card containing pictograms that describe the features of this watch.

Without this card, consumers are unable to determine which features come with the watch they have purchased.

150. In the box containing the OMEGA 300M 007 Midsize Seamaster Watch bearing Serial No. 90737993, all cards have been removed from the Omega branded leather card holder including the OMEGA warranty which has been replaced with a Jomashop.com warranty. The Jomashop warranty is placed in the packaging of the watch connoting sponsorship or affiliation or endorsement by Omega of the Jomashop warranty. Defendants have also attached an adhesive paper band to the watch, a temporary product which is shoddy and not part of Omega's packaging. Omega, in its user manual, guarantees that if it is unable to repair or restore the normal conditions of use of a consumer's OMEGA watch, Omega will replace the watch with another watch of identical or similar characteristics. Defendants' warranty is materially different. Defendants' warranty information contains no such guarantee. Defendants have removed the card containing pictograms that describe the features of this watch. Without this card, consumers are unable to determine which features come with the watch they have purchased.

151. On their website, Defendants state in small lettering at the very bottom of the purchase page that they are not an authorized Omega distributor and that the buyer will not be receiving an Omega warranty.

152. Defendants' practices are confusing as to what warranty is effective and applicable. A consumer is led to believe they have an Omega warranty when in fact, they have a Jomashop.com warranty. Further, Defendants'' have removed the OMEGA warranty card from the boxes but in some boxes, have left the hang tag on the watches with Omega's warranty

information.  In those instances where the Jomashop warranty is in the packaging it appears this is sponsored by or endorsed by Omega when it is not.

153.    Defendants' failure to disclose the material differences in the goods they sell compared to genuine and authorized sales of OMEGA brand goods causes post-sale consumer confusion.  The consumer receives an OMEGA watch and in some cases, the watches still have hang tags containing information regarding an Omega warranty when in fact, the warranty is not valid.  In each case, the instruction book contains the full warranty and expressly states it is only effective if the card is endorsed.  No warranty card is included; only the Jomashop warranty in some cases, which is then, itself, confusing.

154.    The unauthorized sale of Omega's products confuses consumers as to the source, nature or approval for the sale of Omega's products, and misleads the consumers into believing that the trademark owner had authorized the sale of the watches by Defendants.

155.    Defendants' destruction of the source information and other components constitutes a material alteration of Omega's goods. Therefore goods bearing the OMEGA Marks which are sold by Defendants are not genuine and are materially different than genuine authorized sales.

156.    Defendants' acts cause harm to Omega and its goodwill and reputation built in the OMEGA Marks.

157.    Defendants infringe the OMEGA Marks and have no intention to cease and desist such infringing activities.

158.   All of Defendants' acts were performed without the consent, permission, license, or authorization of Omega.  The acts alleged against Defendants herein constitute trademark infringement.

159.   Defendants' acts of trademark infringement, as alleged above, have caused Omega to suffer damages and Omega will continue to suffer substantial damages as a result of Defendants' misappropriation of Omega's exclusive rights to use, import, distribute, reproduce and otherwise exploit the OMEGA Marks.

160.   Defendants' ongoing and unlawful use of OMEGA Marks damages Omega and will, without an injunction prohibiting such acts in the future, further irreparably harm Omega and irreparably damage the value of the OMEGA Marks and the associated goodwill.

161.   On information and belief, Defendants have no present intention of terminating the activities complained of but, on the contrary, are continually seeking to expand such activities.

162.   Defendants' willful acts of trademark infringement justify the award of actual and/or treble damages for each act of infringement of Omega's OMEGA Marks in a total amount which may only be ascertained by discovery of the Defendants' business and financial records, together with costs and attorney's fees.  Alternatively, Omega is entitled to the actual damages incurred as a result of Defendants' infringement plus any additional profits of Defendants attributable to the acts of infringement, together with costs and attorney's fees.

## CLAIM V

## SWATCH'S CLAIM FOR UNFAIR COMPETITION UNDER THE LANHAM ACT OF THE SWATCH TRADEMARKS AGAINST ALL DEFENDANTS

31

163.   Plaintiffs repeat and re-aver each and every allegation contained in paragraphs 1-162, inclusive, as if fully recited herein.

164.   The foregoing conduct constitutes false designations of origin and unfair competition as proscribed by 15 U.S.C. §1125.

165.   Swatch is harmed by Defendants' conduct and practices.

## CLAIM VI

## OMEGA'S CLAIM FOR UNFAIR COMPETITION UNDER THE LANHAM ACT OF THE OMEGA TRADEMARKS AGAINST ALL DEFENDANTS

166.   Omega repeats and re-avers each and every allegation contained in paragraphs 1-165  inclusive, as if fully recited herein.

167.   The foregoing conduct constitutes false designations of origin and unfair competition as proscribed by 15 U.S.C. §1125.

168.   Omega is harmed by Defendants' conduct and practices.

## CLAIM VII

## SWATCH'S CLAIM FOR COMMON LAW TRADEMARK INFRINGEMENT OF THE SWATCH TRADEMARKS  AND COMMON LAW UNFAIR COMPETITION AGAINST ALL DEFENDANTS

169.   Swatch restates and re-avers each and every allegation contained in paragraphs 1-168, inclusive, as if fully recited herein.

170.   This Claim is for Common Law Trademark Infringement and Unfair Competition.

171.   Swatch's trademarks and trade dress, as currently used on watches, have become well and favorably known throughout the United States and the World, including the State of

New York, and have acquired distinctiveness and secondary meaning signifying Swatch and Swatch's products, representing a most valuable goodwill owned by Swatch.

172.    Defendants' unauthorized use of the SWATCH Marks through the sale of materially different goods constitutes Common Law Unfair Competition and Common Law Trademark Infringement.  Defendants thereby misappropriate and unfairly trade upon Swatch's valuable goodwill and reputation.  Swatch's goodwill and reputation in its trademarks and trade dress is therefore subject to the perils and hazards arising out of Defendants' business activities, over which Swatch has no control.

## CLAIM VIII

## OMEGA'S CLAIM FOR COMMON LAW TRADEMARK INFRINGEMENT OF THE OMEGA TRADEMARKS  AND COMMON LAW UNFAIR COMPETITION AGAINST ALL DEFENDANTS

173.    Omega restates and re-avers each and every allegation contained in paragraphs 1-172 inclusive, as if fully recited herein.

174.    This Claim is for Common Law Trademark Infringement and Unfair Competition.

175.    Omega's trademarks and trade dress, as currently used on watches, have become well and favorably known throughout the United States and the World, including the State of New York, and have acquired distinctiveness and secondary meaning signifying Omega and Omega's products, representing a valuable goodwill owned by Omega.

176.    Defendants' unauthorized use of the OMEGA Marks through the sale of materially different goods constitutes Common Law Unfair Competition and Common Law Trademark Infringement.  Defendants therefore misappropriate and unfairly trade upon Omega's valuable goodwill and reputation.  Omega's goodwill and reputation in its trademarks and trade

dress is therefore subject to the perils and hazards arising out of Defendants' business activities, over which Omega has no control.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by a jury on all issues triable by right of jury.

WHEREFORE, Plaintiffs pray:

1.      That pursuant to 15 U.S.C. §1116 and the equity jurisdiction of this Court, Defendants be preliminary and permanently enjoined and restrained from using on or in connection with the importation, sale, offering for sale, distribution, exhibition, display or advertising of goods or services through the Internet or otherwise, any SWATCH Marks or OMEGA Marks and trade dress;

2.      That Defendants be preliminary and permanently enjoined and restrained from destroying, secreting or altering, pursuant to 15 U.S.C. §1118 all dyes, molds, letterheads, advertising materials, computer programs in any language or format (including HTML, Java or other formats for use in internet web pages), labels, packages, containers, name plates, watches and any other printed or electronic matter of any nature, and any products in their possession bearing any SWATCH Marks or OMEGA Marks and trade dress utilized by Plaintiffs, either alone or in combination with other words or symbols, or any colorable imitation; and be ordered to deliver up these items for destruction;

3.      That pursuant to 15 U.S.C. §1117, Defendants be directed to pay over to Plaintiffs all of Defendants' profits, and any and all damages sustained by Plaintiffs, plus the costs of the action;

4.      That pursuant to 15 U.S.C. §1117, Defendants be directed to provide Plaintiffs an accounting of all profits that they have obtained by consequence of Defendants' statutory and Common Law Trademark Infringement, and Unfair Competition as enumerated herein;

5.      That because of the willful nature of the infringement, the amounts of actual damages be trebled as provided for in 15 U.S.C. §1117;

6.      For an award of their reasonable attorney's fees pursuant to 15 U.S.C. §1117(a);

7.      For a declaration that Defendants' acts and conduct infringe the SWATCH Marks and the OMEGA Marks;

8.      For a declaration that Defendants' acts and conduct infringing the SWATCH Marks and the OMEGA Marks are willful;

9.      That Plaintiffs be awarded actual and/or statutory damages pursuant to 17 U.S.C. §504;

10.     That pursuant to 17 U.S.C. §502 and the equity jurisdiction of this court, Defendants be permanently enjoined and restrained from using on or in connection with the sale, offering for sale, importation, distribution, exhibition, display or advertising of their goods through the Internet or otherwise, from infringing Plaintiffs' Omega Globe Design and The Swatch Copyrights in any manner, and from publishing, selling, marketing or otherwise disposing of any copies of Defendants' material which have been derived in any manner by infringement of Omega's Omega Globe Design copyright and The Swatch Copyrights;

11.     For a declaration that Defendants' acts and conduct infringe Plaintiffs' Omega Globe Design and The Swatch Copyrights;

12.     For a declaration that Defendants' acts and conduct infringing Plaintiffs' Omega Globe Design and The Swatch Copyrights are willful;

13.     That Defendants not destroy but deliver up to this Court pursuant to all the copyright laws of the United States, 17 U.S.C. §101 et seq., any products in their possession bearing the copyrighted materials of Plaintiffs or any colorable imitation;

14.     That Defendants be required to file with this Court and serve upon Plaintiffs a report in writing and under oath setting forth in detail the manner and form in which the Defendants have complied with the terms of the injunction;

15.     For an award of Plaintiffs' costs, including but not limited to attorney's fees pursuant to 17 U.S.C. §505;

16.     That this Court require the Defendants to account to Plaintiffs for all profits and expenses realized by Defendants attributable to the infringements as alleged;

17.     Any such other and further relief as this Court deems just and equitable.


Respectfully submitted
for Plaintiffs,

By:     _____

Jess M. Collen (JC 2875)
Matthew C. Wagner (MW 9432)
Thomas P. Gulick (TG 5602)
COLLEN *IP*
The Holyoke-Manhattan Building
80 South Highland Avenue
Town of Ossining
Westchester County, New York 10562
(914) 941 5668
(914) 941-6091 (facsimile)


Dated: September 16, 2009

# EXHIBIT
# A

Int. Cl.: **14**

Prior U.S. Cl.: **27**

**United States Patent and Trademark Office**

Reg. No. 1,356,512
Registered Aug. 27, 1985

## TRADEMARK
### PRINCIPAL REGISTER

# swatch

ETA S.A. FABRIQUES D'EBAUCHES (SWIT-
ZERLAND CORPORATION)
GRENCHEN, SWITZERLAND 2540

FOR: WATCHES AND PARTS THEREOF, IN
CLASS 14 (U.S. CL. 27).
FIRST USE 5–31–1982; IN COMMERCE
5–31–1982.

OWNER OF U.S. REG. NOS. 1,227,456 AND
1,252,863.

SER. NO. 506,848, FILED 11–2–1984.

ROBERT PEVERADA, EXAMINING ATTOR-
NEY

Int. Cl.: 14

Prior U.S. Cl.: 27

Reg. No. 1,356,512

## United States Patent and Trademark Office   Registered Aug. 27, 1985

### TRADEMARK
#### PRINCIPAL REGISTER

# swatch

ETA S.A. FABRIQUES D'EBAUCHES (SWIT-
ZERLAND CORPORATION)
GRENCHEN, SWITZERLAND 2540

FOR: WATCHES AND PARTS THEREOF, IN
CLASS 14 (U.S. CL. 27).
FIRST   USE   5–31–1982;   IN   COMMERCE
5–31–1982.

OWNER OF U.S. REG. NOS. 1,227,456 AND
1,252,863.

SER. NO. 506,848, FILED 11–2–1984.

ROBERT PEVERADA, EXAMINING ATTOR-
NEY



**United States Patent and Trademark Office**

Home|Site Index|Search|Guides|Contacts|eBusiness|eBiz alerts|News|Help



## Assignments on the Web > Trademark Query

# Trademark Assignment Abstract of Title

**Total Assignments: 2**

**Serial #:** 73506848    **Filing Dt:** 11/02/1984    **Reg #:** 1356512    **Reg. Dt:** 08/27/1985
**Registrant:** ETA S.A. FABRIQUES D'EBAUCHES
**Mark:** SWATCH

## Assignment: 1

**Reel/Frame:** 0505/0269    **Received:**    **Recorded:** 09/13/1985    **Pages:** 2
**Conveyance:** ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL
**Assignor:** ETA S. A. FABRIQUES D'EBAUCHES    **Exec Dt:** 08/15/1985
                                                **Entity Type:** CORPORATION
                                                **Citizenship:** SWITZERLAND

**Assignee:** SWATCH S. A.    **Entity Type:** CORPORATION
9, ROUTE DE BOUJEAN    **Citizenship:** SWITZERLAND
2502-BIENNE, SWITZERLAND
**Correspondent:** MCGLEW AND TUTTLE
28 WEST 44TH ST.
NEW YORK, NY 10036

## Assignment: 2

**Reel/Frame:** 0517/0992    **Received:**    **Recorded:** 02/18/1986    **Pages:** 3
**Conveyance:** ATTESTATION BY SUPERINTENDANT OF THE JOINT STOCK COMPANY, BIENNE, COMMERCIAL REGISTER SHOWING CHANGE OF ADDRESS ON NOV. 18, 1985 (IN FRENCH WITH ENGLISH TRANSLATION ATTACHED
**Assignor:** SWATCH AG (SWATCH SA) (SWATCH LTD.)    **Exec Dt:** 12/11/1985
                                                     **Entity Type:** UNKNOWN
                                                     **Citizenship:** NONE

**Assignee:** SWATCH AG (SWATCH SA) (SWATCH LTD.)    **Entity Type:** UNKNOWN
94 RUE JAKOB STAEMPFLI    **Citizenship:** NONE
**Correspondent:** MCGLEW AND TUTTLE
28 WEST 44TH ST.
NEW YORK, NY 10036

Search Results as of: 09/15/2009 04:05 PM
If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350.
Web interface last modified: October 18, 2008 v.2.0.2

| .HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

Int. Cl.: 14

Prior U.S. Cl.: 27

**United States Patent and Trademark Office**

Reg. No. 1,671,076
Registered Jan. 7, 1992

## TRADEMARK
### PRINCIPAL REGISTER

## SWATCH

SWATCH S.A. (SWITZERLAND CORPORA-
TION)
94 RUE JAKOB STAMPFLI
BIENNE, SWITZERLAND

FOR: WATCHES, CLOCKS AND PARTS
THEREOF, IN CLASS 14 (U.S. CL. 27).

FIRST USE 11–12–1981; IN COMMERCE
11–12–1981.

SER. NO. 74–079,220, FILED 7–17–1990.

ALICE SUE CARRUTHERS, EXAMINING AT-
TORNEY



## United States Patent and Trademark Office

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help



## Assignments on the Web > Trademark Query

# No assignment has been recorded at the USPTO

## For Serial Number: 74079220

If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350.
Web interface last modified: October 18, 2008 v.2.0.2

| .HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

# EXHIBIT
# B



SDG104

SDG104

7 610522 026810

swatch®



SDL900

℞

SDL900

7 610322 130104

swatch ®







SDJ102

SDJ102

7 610522 070189

swatch®

# EXHIBIT C

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGIS





097839620

**VA 912-081**

EFFECTIVE DATE OF REGISTRATION

3  26  98
Month   Day   Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1** TITLE OF THIS WORK ▼

THE LADY AND THE MIRROR

NATURE OF THIS WORK ▼ See Instructions

ART  WORK

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   Title of Collective Work ▼

If published in a periodical or serial give:  Volume ▼        Number ▼        Issue Date ▼        On Pages ▼

---

**2** NAME OF AUTHOR ▼

**a** SWATCH SA, employer for hire of Fukuda Miran

DATES OF BIRTH AND DEATH
Year Born ▼        Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____ Switzerland
      Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes  ☒ No
Pseudonymous? ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

NATURE OF AUTHORSHIP  Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture      ☐ Map              ☐ Technical drawing
☒ 2-Dimensional artwork        ☐ Photograph       ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design   ☐ Architectural work
☐ Design on sheetlike material

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼        Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
      Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes  ☐ No
Pseudohymous? ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP  Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture      ☐ Map              ☐ Technical drawing
☐ 2-Dimensional artwork        ☐ Photograph       ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design   ☐ Architectural work
☐ Design on sheetlike material

---

**3** **a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED  This information must be given in all cases.
1996 ◀Year

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK  Complete this information ONLY if this work has been published.
Month ▶ February   Day ▶ 19   Year ▶ 1997   ◀ Nation
HONG KONG

---

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

SWATCH SA
94, rue Jakob-Stämpfli
BIENNE (Switzerland)

See instructions before completing this space.

APPLICATION RECEIVED
MAR 2 6 1998
ONE DEPOSIT RECEIVED
MAR 2 6 1998
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

| EXAMINED BY | | FORM VA |
| CHECKED BY | | |

☐ CORRESPONDENCE
    Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼         Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                   Account Number ▼

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

COLLEN LAW ASSOCIATES, P.C.
member of McGlew & Tuttle
Scarborough Station
Scarborough, New York 10510-0806
Area Code and Telephone Number ▶          (914) 941-5761

Be sure to
give your
daytime phone
◀ number

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▼

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of _____

SWATCH SA

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Jess M. Collen                                    Date▶  3/13/98

☞ Handwritten signature (X) ▼

**8**

**MAIL CERTIFI-CATE TO**

Name ▼
COLLEN LAW ASSOCIATES, P.C.     ref:  58615.4
member of McGlew & Tuttle

Number/Street/Apt ▼
Box 306 Scarborough Station

City/State/ZIP ▼
Scarborough, New York 10510-0806

Certificate
will be
mailed in
window
envelope

**9**

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable $20 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material

MAIL TO:
Register of Copyrights
Library of Congress
Washington, D.C. 20559-6000

The Copyright Office
has the authority to ad-
just fees at 5-year inter-
vals, based on changes
in the Consumer Price
Index. The next adjust-
ment is due in 1996.
Please contact the
Copyright Office after
July 1995 to determine
the actual fee schedule.

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

GOVERNMENT PRINTING OFFICE 1993-342-582/60,021

# EXHIBIT
# D

# FORM VA
**For a Work of the Visual Arts**
UNITED STATES COPYRIGHT OFFICE



VA 729-866

EFFECTIVE DATE OF REGISTRATION

**JUN 3 0 1995**

Month          Day          Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**TITLE OF THIS WORK ▼**

BEACH VIRGIN  SDG 104

**NATURE OF THIS WORK ▼ See Instructions**

ARTWORK APPLIED TO WATCHDIAL AND STRAP

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    **Title of Collective Work ▼**

If published in a periodical or serial give:  **Volume ▼**      **Number ▼**      **Issue Date ▼**      **On Pages ▼**

## 2

**a**

**NAME OF AUTHOR ▼**

SWATCH SA employer for hire of  Andrea Arrigoni

**DATES OF BIRTH AND DEATH**
Year Born ▼      Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶         Switzerland
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?        ☐ Yes  ☒ No
Pseudonymous?     ☐ Yes  ☒ No

If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture          ☐ Map                  ☐ Technical drawing
☒ 2-Dimensional artwork            ☐ Photograph           ☐ Text
☐ Reproduction of work of art      ☐ Jewelry design       ☐ Architectural work
☐ Design on sheetlike material

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼      Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?        ☐ Yes  ☐ No
Pseudonymous?     ☐ Yes  ☐ No

If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture          ☐ Map                  ☐ Technical drawing
☐ 2-Dimensional artwork            ☐ Photograph           ☐ Text
☐ Reproduction of work of art      ☐ Jewelry design       ☐ Architectural work
☐ Design on sheetlike material

of birth and death blank.

## 3

**a**

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
1993 ◀ Year

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶ June    Day ▶ 20    Year ▶ 1994
Italy ◀ Nation

## 4

See instructions before completing this space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

SWATCH SA
94, rue Jakob Stämpfli
BIENNE (Switzerland)

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**DO NOT WRITE HERE OFFICE USE ONLY**

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

REMITTANCE NUMBER AND DATE

---

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.          • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of ___ pages

0749532208

| EXAMINED BY  *JHH* | FORM VA |
| --- | --- |
| CHECKED BY | |

☐ CORRESPONDENCE
   Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes   ☐ No   If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION**  Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                                          Account Number ▼

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

McGlew and Tuttle, P.C.

Scarborough Station

Scarborough, New York          (914) 941-5600

Area Code and Telephone Number ▶

Be sure to
give your
daytime phone
◀ number

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

Check only one ▼

☐ author

☐ other copyright claimant

☐ owner of exclusive right(s)

☑ authorized agent of ——— Swatch SA

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Jess M. Collen                                        date ▶ 6/26/98

☞ Handwritten signature (X) ▼

*[signature]*

| **MAIL CERTIFI-CATE TO** | Name ▼  McGlew |   | **9** |
| --- | --- | --- | --- |
| Certificate will be mailed in window envelope | Number/Street/Apartment Number ▼  Scarborough Station | ref: 44900.2 | |
| | City/State/ZIP ▼  Scarborough, New York | | |

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8
SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable $20 filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material
MAIL TO:
Register of Copyrights
Library of Congress
Washington, D.C. 20559

The Copyright Office
has the authority to ad-
just fees at 5-year inter-
vals, based on changes
in the Consumer Price
Index. The next adjust-
ment is due in 1996.
Please contact the
Copyright Office after
July 1995 to determine
the actual fee schedule.

\*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

February 1993—100,000                                          ☆U.S. GOVERNMENT PRINTING OFFICE: 1993-342-581/60,501

# EXHIBIT
# E

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGI **VA 1-029-703**




112015818

EFFECTIVE DATE OF REGISTRATION

11      29      99
Month    Day    Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

## 1

**TITLE OF THIS WORK ▼**

WALDGEIST

**NATURE OF THIS WORK ▼** See Instructions

ARTWORK

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   **Title of Collective Work ▼**

If published in a periodical or serial give: Volume ▼      Number ▼      Issue Date ▼      On Pages ▼

## 2

**a**

**NAME OF AUTHOR ▼**

SWATCH SA, employer for hire of Marcos Sorensen

**DATES OF BIRTH AND DEATH**
Year Born ▼      Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ Switzerland
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☒ No
Pseudonymous?  ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture      ☐ Map         ☐ Technical drawing
☒ 2-Dimensional artwork        ☐ Photograph  ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design  ☐ Architectural work
☐ Design on sheetlike material

**b**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼      Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture      ☐ Map         ☐ Technical drawing
☐ 2-Dimensional artwork        ☐ Photograph  ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design  ☐ Architectural work
☐ Design on sheetlike material

## 3

**a**

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
1998 ◀ Year

**b**

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶ June  Day ▶ 10  Year ▶ 1999
JAPAN ◀ Nation

## 4

See instructions before completing this space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

SWATCH SA
94, rue Jakob-Stämpfli
BIENNE (Switzerland)

APPLICATION RECEIVED
NOV 29 1999
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
NOV 29 1999
FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

MORE ON BACK ▶   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.

DO NOT WRITE HE

EXAMINED BY ~Mu H(I·HA~                                    FORM V

CHECKED BY _____

☐ CORRESPONDENCE                                           FOR
  Yes                                                      COPYRIGHT
                                                           OFFICE
                                                           USE
                                                           ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

**a.** ☐ This is the first published edition of a work previously registered in unpublished form.
**b.** ☐ This is the first application submitted by this author as copyright claimant.
**c.** ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼.

**5**

**DERIVATIVE WORK OR COMPILATION**  Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
**a.** Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

_____

_____

**b. Material Added to This Work**  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

_____

**6**

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                          Account Number ▼

Collen Law Associates, P.C.          DA 08 11 67

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

COLLEN LAW ASSOCIATES, P.C.

1 SCARBOROUGH STATION PLAZA
SCARBOROUGH, NEW YORK 10510-0806          (914)941-5668
Area Code and Telephone Number ▶

Be sure to
give your
daytime phone
◀ number

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the
check only one ▼
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)          SWATCH SA
☑ authorized agent of _____
            Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Jess M. Collen                                          Date▶ 11/10/99

☞ Handwritten signature (X) ▼

**8**

**MAIL CERTIFI-CATE TO**

Name ▼
Collen Law Associates, P.C.          64665.1
Number/Street/Apt ▼
Box 306 1 Scarborough Station Plaza
City/State/ZIP ▼
Scarborough, New York 10510-0806

**Certificate will be mailed in window envelope**

• Complete all necessary spaces
• Sign your application in space 8

1. Application form
2. Nonrefundable $20 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material

Register of Copyrights
Library of Congress
Washington, D.C. 20559-6000

The Copyright Office
has the authority to adjust fees at 5-year intervals, based on changes in the Consumer Price Index. The next adjustment is due in 2001. Please contact the Copyright Office after July 1991 to determine the actual fee schedule.

**9**

\*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

July 1993—300,000    ☺ PRINTED ON RECYCLED PAPER                    ☆U.S. GOVERNMENT PRINTING OFFICE: 1993-342-582-60,021

# EXHIBIT F

# FORM VA

VA 826–531

( VA )    VAU

**EFFECTIVE DATE OF REGISTRATION**

8    16    96

Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1** **TITLE OF THIS WORK ▼**

Wild Laugh

**NATURE OF THIS WORK ▼** See instructions

ARTWORK

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection give information about the collective work in which the contribution appeared.    **Title of Collective Work ▼**

If published in a periodical or serial give:    Volume ▼         Number ▼              Issue Date ▼              On Pages ▼

---

**2** **a** **NAME OF AUTHOR ▼**

SWATCH SA, employer for hire of Yue Ming Jun

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
[X] Yes
[ ] No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____ Switzerland
Domiciled in ▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    [ ] Yes  [X] No
Pseudonymous?    [ ] Yes  [X] No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of a "work made for hire" is

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
[ ] 3-Dimensional sculpture     [ ] Map          [ ] Technical drawing
[X] 2-Dimensional artwork       [ ] Photograph   [ ] Text
[ ] Reproduction of work of art [ ] Jewelry design [ ] Architectural work
[ ] Design on sheetlike material

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
[ ] Yes
[ ] No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    [ ] Yes  [ ] No
Pseudonymous?    [ ] Yes  [ ] No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
[ ] 3-Dimensional sculpture     [ ] Map          [ ] Technical drawing
[ ] 2-Dimensional artwork       [ ] Photograph   [ ] Text
[ ] Reproduction of work of art [ ] Jewelry design [ ] Architectural work
[ ] Design on sheetlike material

---

**3** **a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
1995 ◀ Year

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶ February    Day ▶ 5    Year ▶ 1996
SPAIN ◀ Nation

---

**4** **COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

SWATCH SA,
94, rue Jakob Stämpfli
BIENNE (Switzerland)

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

See instructions before completing this space

**APPLICATION RECEIVED**
AUG 16 1996
**ONE DEPOSIT RECEIVED**
Aug 16 1996
**TWO DEPOSITS RECEIVED**

**FUNDS RECEIVED**

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.      • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

| EXAMINED BY | | FORM VA |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE<br>Yes | | FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION**  Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions
before completing
this space.

**DEPOSIT ACCOUNT**  If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼          Account Number ▼

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

McGlew and Tuttle

Scarborough Station

Scarborough, New York

Area Code and Telephone Number ▶   **(914) 941-5600**

Be sure to
give your
daytime phone
◀ number

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▼

☐ author

☐ other copyright claimant

☐ owner of exclusive right(s)

☐ authorized agent of   **Swatch SA**

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Jess M. Collen          Date▶ **5/6/91**

Handwritten signature (X) ▼

**MAIL
CERTIFI-
CATE TO**

Name ▼   McGlew & Tuttle   ref: 51865.2

Number/Street/Apt ▼   Box 306   Scarborough Station

City/State/ZIP ▼   Scarborough, New York

10510-0806

**9**

• Complete all necessary spaces
• Sign your application in space 8

1. Application form
2. Nonrefundable $20 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material

Register of Copyrights
Library of Congress
Washington, D.C. 20559-6000

The Copyright Office
has the authority to ad-
just fees at 5-year inter-
vals, based on changes
in the Consumer Price
Index. The next adjust-
ment is due in 1996.
Please contact the
Copyright Office after
July 1995 to determine
the actual fee schedule.

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection
with the application, shall be fined not more than $2,500.

⬤ PRINTED ON RECYCLED PAPER          ☆U.S. GOVERNMENT PRINTING OFFICE: 1993-342-582/80,021

# EXHIBIT
# G



# FORM VA
**For a Work of the Visual Arts**
UNITED STATES COPYRIGHT OFFICE

**VA 868-858**

EFFECTIVE DATE OF REGISTRATION

| 7 | 29 | 97 |
|---|---|---|
| Month | Day | Year |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**TITLE OF THIS WORK ▼**
REEF

**NATURE OF THIS WORK ▼ See instructions**
ART WORK

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    **Title of Collective Work ▼**

If published in a periodical or serial give:   **Volume ▼**     **Number ▼**     **Issue Date ▼**     **On Pages ▼**

## 2

**a**

**NAME OF AUTHOR ▼**
SWATCH SA, employer for hire of Nadia Morelli

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

**Was this contribution to the work a "work made for hire"?**
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____ Switzerland
{ Domiciled in ▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☒ No
Pseudonymous?   ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of a "work made

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work
☐ Design on sheetlike material

**b**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼     Year Died ▼

**Was this contribution to the work a "work made for hire"?**
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
{ Domiciled in ▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☒ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work
☐ Design on sheetlike material

## 3

**a**

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**   This information must be given in all cases.
1996 ◀Year

**b**

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**   Complete this information ONLY if this work has been published.
Month ▶ March   Day▶ 21   Year▶ 1997
TURKEY ◀ Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼

SWATCH SA
94, rue Jakob-Stämpfli
BIENNE (Switzerland)

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**See instructions before completing this space.**

**APPLICATION RECEIVED**
JUL 29 1997
**ONE DEPOSIT RECEIVED**
JUL 29 1997
**TWO DEPOSITS RECEIVED**

**REMITTANCE NUMBER AND DATE**

*DO NOT WRITE HERE*

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

**DO NOT WRITE HERE**
Page 1 of _____ pages

| EXAMINED BY | _JTH_ | FORM VA |
| CHECKED BY | _NMA_ | |
| ☐ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
**a.** ☐ This is the first published edition of a work previously registered in unpublished form.
**b.** ☐ This is the first application submitted by this author as copyright claimant.
**c.** ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION**  Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
**a.** Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

**b.** Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions before completing this space.

**DEPOSIT ACCOUNT**  If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼                                 **Account Number** ▼

**CORRESPONDENCE**  Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼
**McGlew and Tuttle, P.C.**
**Scarborough Station**
**Scarborough, New York**
Area Code and Telephone Number ▶          **(914) 941-5600**

**7**

Be sure to give your daytime phone ◀ number

**CERTIFICATION\***  I, the undersigned, hereby certify that I am the
Check only one ▼
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of ____**SWATCH SA,**____
                    Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
**Jess M. Collen**                                            date ▶ **7-17-99**

👉  Handwritten signature (X) ▼

**8**

| MAIL CERTIFICATE TO | Name ▼ **McGlew**          55,485.3 |
| | Number/Street/Apartment Number ▼ **Scarborough Station** |
| Certificate will be mailed in window envelope | City/State/ZIP ▼ **Scarborough, New York  10510-0806** |

• Complete all necessary spaces
• Sign your application in space 8

1. Application form
2. Nonrefundable $30 filing fee in check or money order payable to Register of Copyrights
3. Deposit material

Register of Copyrights
Library of Congress
Washington, D.C. 20559

**9**

*17 U.S.C.

U.S. GOVERNMENT PRINTING OFFICE: 1993-342-582

EXHIBIT
H

# FORM VA
**For a Work of the Visual Arts**
UNITED STATES COPYRIGHT OFFICE

**VA 697 – 135**



EFFECTIVE DATE OF REGISTRATION

MAR 1 6 1995
Month        Day        Year

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1
**TITLE OF THIS WORK ▼**

BAGNINO

**NATURE OF THIS WORK ▼ See instructions**

ARTWORK APPLIED TO WATCH DIAL

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   **Title of Collective Work ▼**

If published in a periodical or serial give:   Volume ▼          Number ▼          Issue Date ▼          On Pages ▼

## 2

**a**   **NAME OF AUTHOR ▼**

SWATCH SA employer for hire of Alessandro Cirerriero

**DATES OF BIRTH AND DEATH**
Year Born ▼        Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____ Switzerland
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?     ☐ Yes ☒ No
Pseudonymous?  ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture     ☐ Map              ☐ Technical drawing
☒ 2-Dimensional artwork       ☐ Photograph       ☐ Text
☐ Reproduction of work of art ☐ Jewelry design   ☐ Architectural work
☐ Design on sheetlike material

**b**   **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼        Year Died ▼

work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?     ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture     ☐ Map              ☐ Technical drawing
☐ 2-Dimensional artwork       ☐ Photograph       ☐ Text
☐ Reproduction of work of art ☐ Jewelry design   ☐ Architectural work
☐ Design on sheetlike material

## 3
**a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
1993 ◀ Year

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information ONLY if this work has been published.
Month ▶ July     Day ▶ 20     Year ▶ 1994
FRANCE                                    ◀ Nation

## 4
**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

SWATCH SA
94, rue Jakob Stämpfli
BIENNE (Switzerland)

See instructions before completing this space.

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
MAR 16 1995
ONE DEPOSIT RECEIVED
MAR 16 1995 a.c.
TWO DEPOSITS RECEIVED

REMITTANCE NUMBER AND DATE

DO NOT WRITE HERE OFFICE USE ONLY

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.        • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ...2... pages

<table>
<tr><td colspan="2">EXAMINED BY ___ dCR /sy ___</td><td>FORM VA</td></tr>
<tr><td colspan="3">CHECKED BY</td></tr>
<tr><td>☐</td><td>CORRESPONDENCE<br>Yes</td><td>FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY</td></tr>
</table>

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

**a.** ☐ This is the first published edition of a work previously registered in unpublished form.

**b.** ☐ This is the first application submitted by this author as copyright claimant.

**c.** ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION**  Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

**a. Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

See instructions
before completing
this space.

**b. Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**Name** ▼                **Account Number** ▼

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

McGlew and Tuttle, P.C.

Scarborough Station

Scarborough, New York  10510 (914) 941-5600

Area Code and Telephone Number ▶

Be sure to
give your
daytime phone
◀ number

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

Check only one ▼

☐ author

☐ other copyright claimant

☐ owner of exclusive right(s)

☑ authorized agent of ___ **Swatch SA** ___

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Jess M. Collen                                      date ▶ 3/3/95

☞  **Handwritten signature (X)** ▼

<table>
<tr><td>MAIL<br>CERTIFI-<br>CATE TO</td><td>Name ▼<br>ref.:42870.3<br>McGlew and Tuttle, P.C.</td><td rowspan="3">• Complete all necessary spaces<br>• Sign your application in space 8<br>SEND ALL 3 ELEMENTS<br>IN THE SAME PACKAGE<br>1. Application form<br>2. Nonrefundable $20 filing fee<br>in check or money order<br>payable to Register of Copyrights<br>3. Deposit material<br>MAIL TO<br>Register of Copyrights<br>Library of Congress<br>Washington, D.C. 20559</td><td>**9**</td></tr>
<tr><td>Certificate<br>will be<br>mailed in<br>window<br>envelope</td><td>Number/Street/Apartment Number ▼<br>Scarborough Station</td><td rowspan="2">The Copyright Office<br>has the authority to ad-<br>just fees at 5-year inter-<br>vals, based on changes<br>in the Consumer Price<br>Index. The next adjust-<br>ment is due in 1996.<br>Please contact the<br>Copyright Office after<br>July 1995 to determine<br>the actual fee schedule.</td></tr>
<tr><td>City/State/ZIP ▼<br>Scarborough, New York  10510</td></tr>
</table>

*17 U.S.C. ... with the application ...   500

# EXHIBIT
# I

Case 1:09-cv-03981-RRM -SMG   Document 1   Filed 09/16/09   Page 72 of 103

**FORM VA**
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**VA   609 773**

VA                    VAU

EFFECTIVE DATE OF REGISTRATION

**DEC 0 2 1993**

Month        Day        Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

TITLE OF THIS WORK ▼

FLEUR DE LISS

NATURE OF THIS WORK ▼ See instructions

Artwork applied to watch dial & strap

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION   If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   Title of Collective Work ▼

If published in a periodical or serial give    Volume ▼         Number ▼              Issue Date ▼           On Pages ▼

---

**2**

NAME OF AUTHOR ▼

**a**  SMATCH SA employer for hire of Beatrice Santiccioli

DATES OF BIRTH AND DEATH
Year Born ▼      Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
      Domiciled in ▶ Switzerland

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP   Briefly describe nature of the material created by this author in which copyright is claimed ▼

NAME OF AUTHOR ▼

**b**

DATES OF BIRTH AND DEATH
Year Born ▼      Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
      Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP   Briefly describe nature of the material created by this author in which copyright is claimed ▼

NAME OF AUTHOR ▼

**c**

DATES OF BIRTH AND DEATH
Year Born ▼      Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
      Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP   Briefly describe nature of the material created by this author in which copyright is claimed ▼

---

**3**

YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED   This information must be given    ◀ Year   in all cases.
1992

DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information   Month ▶ June    Day ▶ 18    Year ▶ 1992
ONLY if this work has been published.
Italy                                      ◀ Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼

SMATCH SA
94, rue Jakob Stämpfli
Bienne (Switzerland)

APPLICATION RECEIVED
DEC 0 2 1993

ONE DEPOSIT RECEIVED
DEC 0 2 1993

TWO DEPOSITS RECEIVED

TRANSFER If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

REMITTANCE NUMBER AND DATE

---

MORE ON BACK ▶  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
                • See detailed instructions.
                • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of ___ pages

VA   609 773

FORM VA

CHECKED BY

☐ CORRESPONDENCE
   Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box)
☐ This is the first published edition of a work previously registered in unpublished form.
☐ This is the first application submitted by this author as copyright claimant.
☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a & 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                          Account Number ▼

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼

McGlew and Tuttle, P.C.
Scarborough Station
Scarborough, New York 10510

Area Code & Telephone Number ▶          (914) 941-5600

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▼
☐ author
☐ other copyright claimant
☐ owner of exclusive rights
☐ authorized agent of

Swatch SA

Name of author or other copyright claimant, or owner of exclusive rights ▲

**8**

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Jose W. OSUNA                                    Date  10/1/93

Handwritten signature (X) ▼

MAIL
CERTIFICATE
TO

Name ▼
McGlew & Tuttle, P.C.                32,520.16

Number/Street/Apartment Number ▼
Scarborough Station

City/State/ZIP ▼
Scarborough, New York

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

June 1992—100,000

U.S. GOVERNMENT PRINTING OFFICE: 1992-341-425-60,004

# EXHIBIT
# J

# FORM VA

For a Work of the Visual Arts

U
F

VA 683-450

**EFFECTIVE DATE OF REGISTRATION**

1-4-95

Month          Day          Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**TITLE OF THIS WORK ▼**

LA BELLE AU BOIS DORMANT

**NATURE OF THIS WORK ▼** See instructions

ART WORK APPLIED TO WATCH DIAL AND STRAP

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   Title of Collective Work ▼

If published in a periodical or serial give:   Volume ▼          Number ▼          Issue Date ▼          On Pages ▼

---

**NAME OF AUTHOR ▼**

**a** SWATCH SA employer for hire of  Isabella Garlati

**DATES OF BIRTH AND DEATH**
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE** Name of Country
OR { Citizen of ▶
Domiciled in ▶  Switzerland

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes  ☒ No
Pseudonymous?   ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture      ☐ Map              ☐ Technical drawing
☒ 2-Dimensional artwork        ☐ Photograph       ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design   ☐ Architectural work
☐ Design on sheetlike material

**NAME OF AUTHOR ▼**

**b**

**DATES OF BIRTH AND DEATH**
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE** Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?   ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture      ☐ Map              ☐ Technical drawing
☐ 2-Dimensional artwork        ☐ Photograph       ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design   ☐ Architectural work
☐ Design on sheetlike material

---

**3**

**a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.   1992  ◀ Year

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶ July   Day ▶ 27   Year ▶ 1993
SINGAPORE  ◀ Nation

---

**4**

See instructions before completing this space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

SWATCH SA
94, rue Jakob Stämpfli
BIENNE (Switzerland)

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**APPLICATION RECEIVED**

**ONE DEPOSIT RECEIVED**
JAN 04 1995

**TWO DEPOSITS RECEIVED**

**REMITTANCE NUMBER AND DATE**

DO NOT WRITE HERE OFFICE USE ONLY

---

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ____ pages

| EXAMINED BY | | FORM VA |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE<br>☐ Yes | | FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼          **Account Number** ▼

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

McGlew and Tuttle, P.C.
Scarborough Station
Scarborough, New York

Be sure to
give your
daytime phone
◄ number

**Area Code and Telephone Number** ▶   (914) 941-5600

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

Check only one ▼

☐ author

☐ other copyright claimant

☐ owner of exclusive right(s)

☑ authorized agent of ——— **Swatch SA** ———
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

**8**

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.   date ▶ 12/7/94

Jess M. Collen

Handwritten signature (X) ▼

| MAIL<br>CERTIFI-<br>CATE TO | **Name** ▼   McGlew          41790.17 |
|---|---|
| Certificate<br>will be<br>mailed in<br>window<br>envelope | **Number/Street/Apartment Number** ▼   Scarborough Station |
| | **City/State/ZIP** ▼   Scarborough, New York |

**9**

YOU MUST
• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable $20 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material

MAIL TO:
Register of Copyrights
Library of Congress
Washington, D.C. 20559

The Copyright Office
has the authority to ad-
just fees at 5-year inter-
vals, based on changes
in the Consumer Price
Index. The next adjust-
ment is due in 1996.
Please contact the
Copyright Office after
July 1995 to determine
the actual fee schedule.

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection
with the application, shall be fined not more than $2,500.

February 1993—100,000          ☆U.S. GOVERNMENT PRINTING OFFICE: 1993-342-581/60,501

# EXHIBIT K

# FORM VA
**For a Work of the Visual Arts**
UNITED STATES COPYRIGHT OFFICE

**VA 797 – 332**

EFFECTIVE DATE OF REGISTRATION

**AUG 1 5 1996**

| Month | Day | Year |

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

## 1

**TITLE OF THIS WORK ▼**

Poulpe

**NATURE OF THIS WORK ▼** See instructions

ARTWORK

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   **Title of Collective Work ▼**

If published in a periodical or serial give:   Volume ▼          Number ▼          Issue Date ▼          On Pages ▼

## 2

**a**  **NAME OF AUTHOR ▼**

SWATCH SA, employer for hire of Michael Bartalos

**DATES OF BIRTH AND DEATH**
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

OR {
**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
Citizen of ▶ ___ Switzerland
Domiciled in ▶ ___

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☒ No
Pseudonymous?   ☐ Yes ☒ No

If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instr...).

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture          ☐ Map                ☐ Technical drawing
☒ 2-Dimensional artwork            ☐ Photograph         ☐ Text
☐ Reproduction of work of art      ☐ Jewelry design     ☐ Architectural work
☐ Design on sheetlike material

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

OR {
**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No

If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture          ☐ Map                ☐ Technical drawing
☐ 2-Dimensional artwork            ☐ Photograph         ☐ Text
☐ Reproduction of work of art      ☐ Jewelry design     ☐ Architectural work
☐ Design on sheetlike material

## 3

**a**  **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
1995 ◀ Year

**b**  **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information ONLY if this work has been published.
Month ▶ January   Day ▶ 16   Year ▶ 1996
GERMANY ◀ Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
SWATCH SA,
94, rue Jakob Stämpfli
BIENNE (Switzerland)

**APPLICATION RECEIVED**
AUG 1 5 1996

**ONE DEPOSIT RECEIVED**
AUG. 1 5 1996

**TWO DEPOSITS RECEIVED**

**REMITTANCE NUMBER AND DATE**

DO NOT WRITE HERE
OFFICE USE ONLY

See instructions before completing this space.

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.          • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

| EXAMINED BY ⊔RS | FORM VA |
|---|---|
| CHECKED BY | |
| ☐ CORRESPONDENCE Yes | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼       Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION**  Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions before completing this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼                                                    Account Number ▼

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

McGlew and Tuttle
Scarborough Station
Scarborough, New York

Area Code and Telephone Number ▶   (914) 941-5600

Be sure to give your daytime phone ◀ number

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

Check only one ▼

☐ author

☐ other copyright claimant

☐ owner of exclusive right(s)

☑ authorized agent of ——— **SWATCH SA**
        Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Jess M. Collen                    date▶  8/6/96

✋ Handwritten signature (X) ▼

| **MAIL CERTIFI-CATE TO** | Name ▼   McGlew & Tuttle   ref: 51805.4 | • Complete all necessary spaces • Sign your application in space 8 | **9** |
|---|---|---|---|
| Certificate will be mailed in window envelope | Number/Street/Apartment Number ▼  Box 306   Scarborough Station | 1. Application form 2. Nonrefundable $20 filing fee in check or money order payable to Register of Copyrights 3. Deposit material | |
| | City/State/ZIP ▼   Scarborough, New York   10510-0806 | Register of Copyrights Library of Congress Washington, D.C. 20559 | |

\*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

February 1993—100,000                                             ☆U.S. GOVERNMENT PRINTING OFFICE: 1993-342-581/80,501

EXHIBIT
L

Renewed to
Societe Anonyme Louis Brandt & Frere Omega Watch Co.
Renewed July 24-1944 to Societe Anonyme Louis Brandt
& Frere Omega Watch Co., an organized company of
Switzerland.

# UNITED STATES PATENT OFFICE.

LOUIS BRANDT & FRÈRE, OF BIENNE, SWITZERLAND.

## TRADE-MARK FOR WATCH-MOVEMENTS AND WATCHCASES.

**STATEMENT** and **DECLARATION** of Trade-Mark No. 25,036, registered July 24, 1894.

Application filed May 23, 1894.

### STATEMENT.

*To all whom it may concern:*

Be it known that we, LOUIS BRANDT & FRÈRE, a firm domiciled and doing business in Bienne, Switzerland, have adopted for our use a Trade-Mark for Watch-Movements and Watchcases, of which the following is a full, clear, and exact specification.

Our trade-mark consists of the arbitrary sign of the last letter of the Greek alphabet. This has generally been arranged as shown in the accompanying fac-simile, in which it appears above the word "Omega." But it may be differently arranged and the word "Omega" may be omitted without materially altering the character of our trade-mark, the essential feature of which is the Greek letter "Ω."

This trade-mark has been continuously used by us in our business since March 10, 1894.

The class of merchandise to which this trade-mark is appropriated is horology, and the particular description of goods comprised in such class on which it is used by us is watch-movements and watch-cases. It is usually affixed to the goods by stamping or by printing it upon suitable labels which are afterward placed upon the packages containing the articles.

Signed this 2d day of May, 1894.

LOUIS BRANDT & FRÈRE.

Witnesses:
EDOUARD HAAS,
ALF. H. BESSIR.

### DECLARATION.

United States consulate Berne Switzerland ss.

LOUIS PAUL BRANDT being duly sworn deposes and says that he is a member of the firm of LOUIS BRANDT AND FRÈRE, the applicants named in the foregoing statement; that he verily believes that the foregoing statement is true; that the said firm has at this time a right to the use of the trade-mark therein described; that no other person, firm or corporation has the right to such use, either in the identical form or in any such near resemblance thereto as might be calculated to deceive; that it is used by the applicants in commerce between the United States and foreign nations and particularly with Switzerland; and that the description and fac-simile presented for record truly represent the trade-mark sought to be registered.

LOUIS PAUL BRANDT.

Sworn to and subscribed before me this 14th day of June, 1894.

[L. S.]               JOHN E. HINNEN,
U. S. Vice-Consul.

Republished, under the Act of 1946, Jan. 17, 1950, by
Omega Louis Brandt & Frere, S. A., Bienne, Switzerland.

New Certificate issued November 18, 1952, under Sec. 7c for unexpired term to Omega Louis Brandt & Frere S. A., of Bienne, Switzerland, a corporation of Switzerland, by change of name from Societe Anonyme Louis Brandt & Frere Omega Watch Co.

Registered Nov. 4, 1952.

**Registration No. 566,370**

## PRINCIPAL REGISTER
### Trade-Mark

# UNITED  STATES  PATENT  OFFICE

**Omega Louis Brandt & Frère, S. A.,
Bienne, Switzerland**

**Act of 1946**

**Application December 8, 1951, Serial No. 622,275**

# OMEGA

### STATEMENT

Omega Louis Brandt & Frère, S. A., a Swiss corporation, located and doing business at Bienne, Switzerland, has adopted and is using the trademark shown in the accompanying drawing, for WATCHES AND PARTS THEREOF, in Class 27, Horological instruments, and presents herewith five specimens showing the trade-mark as actually used in connection with such goods, the trademark being applied by stamping, printing or engraving the same on the goods and by printing the same on the containers and/or tags attached to the goods, and requests that the same be registered in the United States Patent Office on the Principal Register in accordance with the act of July 5, 1946.

The trade-mark was first used in 1894 and was first used in commerce which may lawfully be regulated by the Congress, viz. commerce between the United States and Switzerland in the same year.

Applicant owns the following U. S. registration: No. 25,036.

The applicant hereby designates Chauncey P. Carter, of 4400 Klingle Street, Washington 16, D. C., as applicant's representative in the United States on whom notices or process in proceedings affecting the mark may be served.

OMEGA LOUIS BRANDT & FRÈRE, S. A.,
By A. VALLAT,
    *Commercial Manager.*

COMB. AFF. SEC. 8 & 15

DEC 23 1957

Registered  July 14, 1953                                    **Registration No. 577,415**

## PRINCIPAL REGISTER
### Trade-Mark

# UNITED  STATES  PATENT  OFFICE

**Omega Louis Brandt & Frère, S. A.,
Bienne, Switzerland**

Act of 1946

Application October 23, 1952, Serial No. 637,075



## STATEMENT

Omega Louis Brandt & Frère, S. A., a Swiss corporation, located and doing business at Bienne, Switzerland, has adopted and is using the trade-mark shown in the accompanying drawing, for WRIST WATCH BRACELETS, BANDS AND STRAPS, in Class 28, Jewelry and precious-metal ware, and presents herewith five specimens showing the trade-mark as actually used in connection with such goods, the trade-mark being applied by stamping the same thereon, and requests that the same be registered in the United States Patent Office on the Principal Register in accordance with the act of July 5, 1946.

The trade-mark was first used in 1894 and was first used in commerce which may lawfully be regulated by the Congress, viz commerce between the United States and Switzerland in 1894.

Applicant owns the following U. S. registrations: Nos. 25,036 and 566,370.

The applicant hereby designates Chauncey P. Carter, of 4400 Klingle Street, Washington 16, D. C., as applicant's representative in the United States on whom notices or process in proceedings affecting the mark may be served.

OMEGA LOUIS BRANDT & FRÈRE, S. A.,
By ADOLPHE VALLAT,
*Commercial Manager*

Int. Cl.: 14

Prior U.S. Cl.: 27

Reg. No. 578,041

**United States Patent and Trademark Office**   Registered July 28, 1953

10 Year Renewal   Renewal Term Begins July 28, 1993

## TRADEMARK
## PRINCIPAL REGISTER



OMEGA SA (OMEGA AG) (OMEGA LTD.) (SWITZERLAND CORPORATION)

BIENNE, SWITZERLAND, BY CHANGE OF NAME FROM OMEGA LOUIS BRANDT & FRERE, S.A. (SWITZERLAND CORPORATION) BIENNE, SWITZERLAND

OWNER OF U.S. REG. NOS. 25,036 AND 566,370.

FOR: WATCHES (INCLUDING POCKET WATCHES, WRIST WATCHES WITH OR WITHOUT STRAPS, BANDS OR BRACELETS, PENDANT WATCHES, CALENDAR WATCHES, AND STOP-WATCHES) EITHER STEM-WIND OR AUTOMATIC; CLOCKS; CHRONOMETERS, CHRONOGRAPHS, AND PARTS FOR ALL OF THE FOREGOING, IN CLASS 27 (INT. CL. 14).

FIRST USE 0-0-1894; IN COMMERCE 0-0-1894.

SER. NO. 71-637,074, FILED 10-23-1952.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on June 21, 1994.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Registered July 28, 1953

# Registration No. 578,041

## PRINCIPAL REGISTER
### Trade-Mark

# UNITED STATES PATENT OFFICE

**Omega Louis Brandt & Frère, S. A.,
Bienne, Switzerland**

Act of 1946

Application October 23, 1952, Serial No. 637,074



## STATEMENT

· Omega Louis Brandt & Frère, S. A., a Swiss corporation, located and doing business at Bienne, Switzerland, has adopted and is using the trademark shown in the accompanying drawing, for WATCHES (INCLUDING POCKET WATCHES, WRIST WATCHES WITH OR WITHOUT STRAPS, BANDS OR BRACELETS, PENDANT WATCHES, CALENDAR WATCHES, AND STOPWATCHES) EITHER STEM-WIND OR AUTOMATIC; CLOCKS; CHRONOMETERS, CHRONOGRAPHS, AND PARTS FOR ALL OF THE FOREGOING, in Class 27, Horological instruments, and presents herewith five specimens showing the trade-mark as actually used in connection with such goods, the trade-mark being applied to the goods; to tags or labels fastened to the goods; or to the containers, and requests that the same be registered in the United States

Patent Office on the Principal Register in accordance with the act of July 5, 1946.

The trade-mark was first used in 1894, and was first used in commerce which may lawfully be regulated by Congress, viz., commerce between the United States and Switzerland in the same year. Such first usage was on watches.

Applicant owns the following U. S. registrations: Nos. 25,036 and 566,370.

The applicant hereby designates Chauncey P. Carter, of 4400 Klingle Street, Washington 16, D. C., as applicant's representative in the United States on whom notices or process in proceedings affecting the mark may be served.

OMEGA LOUIS BRANDT &
FRÈRE, S. A.,

By ADOLPHE VALLAT,
Commercial Manager.

COMB. AFF. SEC. 8 & 15

FEB 2 - 1959

Int. Cl.: 14

Prior U.S. Cl.: 27

Reg. No. 556,602

**United States Patent and Trademark Office**

Registered Mar. 25, 1952

10 Year Renewal

Renewal Term Begins Mar. 25, 1992

## TRADEMARK
## PRINCIPAL REGISTER

### SEAMASTER

OMEGA SA (SWITZERLAND CORPO-
RATION)
96 RUE STAEMPFLI
2503 BIENNE, SWITZERLAND, BY
CHANGE OF NAME FROM OMEGA
LOUIS BRANDT & FRERE, S. A.
(SWITZERLAND      CORPORATION)
BIENNE, SWITZERLAND

FOR: WATCHES. WATCH PARTS
AND WATCH MOVEMENTS, IN CLASS
27 (INT. CL. 14).

FIRST USE 3-25-1949; IN COMMERCE
3-25-1949.

SER. NO. 71-596,436, FILED 4-27-1950.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Apr. 21, 1992.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Registered Mar. 25, 1952

Registration No. 556,602

## PRINCIPAL REGISTER
### Trade-Mark

# UNITED STATES PATENT OFFICE

**Omega Louis Brandt & Frere, S. A.,
Biel, Switzerland**

Act of 1946

Application April 27, 1950, Serial No. 596,436

## SEAMASTER

### STATEMENT

Omega Louis Brandt & Frere, S. A., a corporation duly organized under the laws of the Republic of Switzerland, located and doing business at Bienne, Switzerland, has adopted and is using the trade-mark shown in the accompanying drawing, for WATCHES, WATCH PARTS AND WATCH MOVEMENTS, in Class 27, Horological instruments, and presents herewith five specimens (or facsimiles) showing the trade-mark as actually used in connection with such goods, the trade-mark being applied to labels attached to packages containing the goods, or to circulars enclosed with packages containing the goods, and requests that the same be registered in the United States Patent Office on the Principal Register in accordance with the act of July 5, 1946.

The trade-mark was first used on March 25, 1949, and was first used in commerce between Switzerland and the United States which may lawfully be regulated by Congress on March 25, 1949, and was first used in Switzerland in May 1949.

Mock & Blum, whose postal address is 10 East 40th Street, New York 16, N. Y., is designated as applicant's representative on whom notice or process in proceeding affecting the mark may be served.

OMEGA LOUIS BRANDT & FRERE, S. A.,
By ADOLPHE VALLAT,
*Managing Director.*

COMB. AFF. SEC. 8 & 15

APR 16 1957

Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28 and 50

## United States Patent and Trademark Office

Reg. No. 3,085,659
Registered Apr. 25, 2006

## TRADEMARK
### PRINCIPAL REGISTER

# PLANET OCEAN

OMEGA SA (OMEGA AG) (OMEGA LTD.) (SWIT-
ZERLAND JOINT STOCK COMPANY)
96, RUE JAKOB-STÄMPFLI
CH-2502 BIENNE
SWITZERLAND

FOR: WATCHES AND WATCH PARTS, IN CLASS
14 (U.S. CLS. 2, 27, 28 AND 50).

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF INTERNATIONAL REGISTRATION
0705904 DATED 1-14-1999, EXPIRES 1-14-2009.

SER. NO. 79-009,839, FILED 9-17-2004.

VERNA BETH RIRIE, EXAMINING ATTORNEY

# EXHIBIT
# M



# Ω
# OMEGA

OPERATING INSTRUCTIONS





# Ω
# OMEGA

## OPERATING INSTRUCTIONS





# Ω
# OMEGA



## OPERATING INSTRUCTIONS







# Ω
# OMEGA

## OPERATING INSTRUCTIONS



# EXHIBIT N

# CERTIFICATE OF REGISTRATION



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

**FORM VA**
For a Work of the Visual Arts

VAu 574—660

EFFECTIVE DATE OF REGISTRATION

MAR. 12, 2003
Month   Day   Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

Title of This Work ▼
OMEGA S.A.

NATURE OF THIS WORK ▼ See Instructions
ARTWORK

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give   Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

**2**

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**a** NAME OF AUTHOR ▼
OMEGA S.A., as employer for hire of M DESIGN S.A.

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of Switzerland
     Domiciled in

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship   Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☑ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**b** Name of Author ▼

Dates of Birth and Death
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of
     Domiciled in

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship   Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**3**

**a** Year in Which Creation of This Work Was Completed
2002
Year   This information must be given in all cases.

**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month   Day   Year   Nation

**4**

See instructions before completing this space.

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
OMEGA S.A.
96, rue Jakob Stämpfli
Bienne, Switzerland

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
MAR 12 2003
ONE DEPOSIT RECEIVED
MAR 12 2003
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

4

---

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page. • See detailed instructions. • Sign the form at line 8

DO NOT WRITE HERE

Page 1 of ____ pages

CONFIDENTIAL

EXAMINED BY ___

CHECKED BY ___

☐ CORRESPONDENCE
   ☐ Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on the application.
If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

a

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of the account.
**Name** ▼                                                Account Number ▼

COLLEN IP                                               DA081167

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Collen IP, Intellectual Property Law
The Holyoke-Manhattan Building, 80 South Highland Avenue
Ossining, New York 10562

b

Area code and daytime telephone number   ( 914 ) 941-5668          Fax number   ( 914 ) 941-6091
Email   JCOLLEN@COLLENLAW.COM

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ☐ author
              ☐ other copyright claimant
              ☐ owner of exclusive rights
              ☑ authorized agent of   OMEGA S.A.
                 Name of author or other copyright claimant, or owner of exclusive rights ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my   knowledge.

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Jess Collen                                             Date   February 28, 2003

Handwritten signature (X) ▼
X _____

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
COLLEN IP                                               81825.1

Number/Street/Apt ▼
The Holyoke-Manhattan Building, 80 South Highland Avenue

City/State/ZIP ▼
Ossining, New York 10562

**9**

5

CONFIDENTIAL

OMEGA SA-GLOBE DESIGN



81825

6

CONFIDENTIAL